UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

Terrie Gillis, *on behalf of herself and others similarly situated in the proposed FLSA Collective Action,*

                           *Plaintiff,*

      - *against* -

Serve U Brands Inc. d/b/a Insomnia Cookies,

                           *Defendant.*

-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Terrie Gillis ("Plaintiff" or "Gillis"), on behalf of herself and others similarly situated, by and through her attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to herself and upon information and belief as to others, brings this complaint against Defendant Serve U Brands Inc. d/b/a Insomnia Cookies (the "Defendant"), and states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly situated individuals, against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's

1

claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF TERRIE GILLIS**

6. Plaintiff Gillis was employed as a general worker at Defendant's cookie shop known as "Insomnia Cookies", located at 32 5th Avenue, Brooklyn, NY 11217, from on or around May 19, 2021 through and including December 31, 2022.

7. Plaintiff Gillis was employed as a non-managerial employee at Insomnia Cookies from on or around May 19, 2021 through and including December 31, 2022.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT SERVE U BRANDS INC. D/B/A INSOMNIA COOKIES**

9. Upon information and belief, Defendant Serve U Brands Inc. d/b/a Insomnia Cookies it maintains its principal place of business at 345 Seventh Avenue, Suite 1202, New York, NY, 10001, and an alternate address at 32 5th Avenue, Brooklyn, NY 11217.

10. Defendant Serve U Brands Inc. d/b/a Insomnia Cookies owns, operates and/or controls a cookie shop known as "Insomnia Cookies" located at 32 5th Avenue, Brooklyn, NY 11217.

11. At all times relevant to this Complaint, Defendant Serve U Brands Inc. d/b/a

Insomnia Cookies (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12. At all times relevant to this Complaint, Defendant Serve U Brands Inc. d/b/a Insomnia Cookies was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13. At all times relevant to this Complaint, Defendant Serve U Brands Inc. d/b/a Insomnia Cookies was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

14. Defendant Serve U Brands Inc. d/b/a Insomnia Cookies possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

15. Defendant Serve U Brands Inc. d/b/a Insomnia Cookies had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**FACTUAL ALLEGATIONS**

16. Plaintiff and other similarly situated individuals are individuals who have worked for Defendant in similarly-titled, hourly paid positions, during the statutory period.

17. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

18. Plaintiff was an employee of Defendant from on or around May 19, 2021 through

and including December 31, 2022.

19. Plaintiff worked as a general worker at "Insomnia Cookies" from on or around May 19, 2021 through and including December 31, 2022.

20. From approximately May 19, 2021 through and including July 31, 2021, Plaintiff worked at Insomnia Cookies six (6) days per week, five (5) hours per day, for a total average period of approximately 30 hours during each of the weeks, respectively.

21. From approximately August 1, 2021 through and including August 31, 2021, Plaintiff worked at Insomnia Cookies five (5) days per week, from approximately 2:00 p.m. to 9:00 p.m. (*i.e.,* seven (7) hours per day), for a total average period of approximately 35 hours during each of the weeks, respectively.

22. From approximately September 1, 2021 through and including December 31, 2022, Plaintiff worked at Insomnia Cookies four (4) days per week, Monday and Wednesday from approximately 2:00 p.m. to 9:00 p.m. (*i.e.,* seven (7) hours per day), Thursdays from 2:00 p.m. to 12:00 a.m. (*i.e.,* ten (10) hours per day), and Friday from 3:00 p.m. to 9:00 p.m. (*i.e.,* six (6) hours per day) for a total average period of approximately 30 hours during each of the weeks, respectively.

23. From May 19, 2021 through and including July 31, 2021, Plaintiff was paid $15.25 per hour.

24. At all times relevant herein, Defendants had a policy and practice commonly known as "time shaving".

25. Although Defendants had an electronic time keeping device that could have recorded the precise times that Plaintiff, or other similarly situated employees, began work every day, Defendants' policy and practice was to have a manager manually input Plaintiff's, and other

4

similarly situated employees', end times.

26. From August 1, 2021 to, through and including, December 31, 2022, the manager would typically adjust Plaintiff's, and other similarly situated employees', end times by two (2) hours each day.

27. As a result, Plaintiff, and other similarly situated employees, were forced to work off the clock, without pay, during this period.

28. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

29. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

30. Plaintiff was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected her actual hours worked.

31. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

32. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

33. Defendants did not give any notice to Plaintiff of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

34. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times her hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to delivery workers) employed by Defendant on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

36. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

37. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

38. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

39. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

40. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

41. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

42. Due to Defendants' violations of the FLSA, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
## (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

43. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

44. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

45. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

46. Due to Defendants' violations of the NYLL, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## THIRD CLAIM
## (NYLL WTPA– Failure to Provide Wage Notices)

47. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

48. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

49. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

50. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

51. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

52. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

53. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages

of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

f. awarding Plaintiff unpaid minimum wages;

g. awarding unpaid wages under New York State law for failure to pay timely wages;

h. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

i. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

j. awarding Plaintiff pre- and post-judgment interest under the NYLL;

k. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

l. Such other relief as this Court deems just and proper.

Dated: New York, New York
       August 16, 2022                    Respectfully submitted,

                                       By: /s/ Joshua Levin-Epstein
                                           Joshua Levin-Epstein
                                           Jason Mizrahi
                                           Levin-Epstein & Associates, P.C.
                                           60 East 42nd Street, Suite 4700
                                           New York, New York 10165
                                           Tel: (212) 792-0046
                                           Email: Joshua@levinepstein.com
                                           *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*